UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRISON A. PARFAIT, JR. | CIVIL ACTION |
| VERSUS | NO. 17-738 |
| MS. DOMINQUE, ET AL. | SECTION "R" (3) |

# **ORDER**

Plaintiff Harrison A. Parfait, Jr. filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. Having reviewed *de novo* the complaint,[1] the record, and the Magistrate Judge's unopposed Report and Recommendation,[2] the Court approves the Report and Recommendation's conclusion that plaintiff's case should be dismissed for failure to prosecute.

The Court finds that the dismissal should be without prejudice. The Fifth Circuit has instructed that district courts should not dismiss with prejudice for failure to prosecute unless "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d

---

[1]  R. Doc. 1.
[2]  R. Doc. 15.

1188, 1191 (5th Cir. 1992). The Fifth Circuit has also "generally held that the district court abuses its discretion when it dismisses a case with prejudice where the plaintiff fails only to comply with a few court orders." *Lewis v. Sheriff's Dept. Bossier Parish*, 478 F. App'x 809, 816 (5th Cir. 2012) (citations and internal modifications omitted).

There is no clear record of delay or contumacious conduct by the plaintiff in this case. Though he has failed to apprise the Court of his new address, this appears to be the only order he has disobeyed. *See Brown v. King*, 250 F. App'x 28, 29 (5th Cir. 2007) (reversing dismissal with prejudice for failure to prosecute when there was not "a clear record of purposeful delay or contumacious conduct"); *cf. Lewis*, 478 F. App'x at 817-18 (dismissal with prejudice for failure to prosecute was proper when record showed that plaintiff "ignored the repeated admonitions of the court and used the intervening time to pursue a frivolous interlocutory appeal and a stay of the district court proceedings"). It is not "a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation omitted).

Further, plaintiff was given until June 8, 2017 to notify the Court of his new address,[3] and the Report and Recommendation was entered on July 11, 2017. Although there has been a short delay, the Fifth Circuit has reversed dismissals with prejudice for failure to prosecute in at least two cases where only a short period of time elapsed between the court order and the dismissal. *See Brown*, 250 F. App'x at 29; *Vafaiyan v. Target Inc.*, 251 F. App'x 862, 863 (5th Cir. 2007); *see also Millan*, 546 F.3d at 326-27 (5th Cir. 2008) ("The Court has recognized that delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.") (quotations omitted).

Accordingly, plaintiff's section 1983 complaint is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __8th__ day of August, 2017.

                               _____
                                      SARAH S. VANCE
                              UNITED STATES DISTRICT JUDGE

---

[3] Given that the Court does not know plaintiff's address, it is not clear that plaintiff ever received the order.