UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| HARRISON A. PARFAIT, JR. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-738 |
| MS. DOMINQUE, ET AL. | SECTION "R" (3) |

### ORDER AND REASONS

Plaintiff Harrison A. Parfait, Jr. moves for relief from judgment.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

On October 3, 2016, Parfait filed a complaint *pro se* against Dominique Baio and Renee Lirette (identified as Ms. Dominique and Ms. Renea in the complaint) in the Western District of Louisiana.[2] The case was transferred to this district on January 30, 2017. Defendants are nurses at the Terrebonne Parish Criminal Justice Complex. Parfait alleges that he suffers from sleep apnea and needs to be treated with a CPAP machine, or risks suffering a heart attack.[3] According to Parfait, he did not receive proper medical attention at

---

[1]  R. Doc. 21.
[2]  R. Doc. 1. This case is related to Parfait's lawsuit against Terrebonne Parish Consolidated Government, Case No. 16-16362.
[3]  *Id.* at 3.

the Terrebonne Parish Criminal Justice Complex even though he told defendants about his condition.[4]

On May 8, 2017, after the Court was notified that Parfait was no longer incarcerated at the Terrebonne Parish Criminal Justice Complex, the Magistrate Judge issued an order directing Parfait to notify the Court of his current address by June 8, 2017.[5] Parfait failed to do so, and the Magistrate Judge recommended dismissing the complaint *sua sponte* for failure to prosecute.[6] The Court adopted the Magistrate Judge's Report and Recommendation and dismissed Parfait's complaint without prejudice on August 8, 2017.[7]

On March 21, 2018, Parfait moved for relief from judgment under Federal Rule of Civil Procedure 60(b).[8]

## II. LEGAL STANDARD

A district court has broad discretion to grant or deny a motion under Rule 60(b). *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305,

---

[4] *Id.*
[5] R. Doc. 13.
[6] R. Doc. 15.
[7] R. Doc. 17.
[8] R. Doc. 21.

315 (5th Cir. 2017). Rule 60(b) permits a court to grant relief from a final judgment or order only upon a showing of one of the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### III. DISCUSSION

Parfait seeks to reopen his case after the Court dismissed it for failure to prosecute. Parfait argues that relief from judgment is necessary because he neither received proper notice of the circumstances under which his complaint was dismissed, nor was informed as to how to prevent its dismissal. It appears that Parfait was transferred from the Terrebonne Parish Criminal Justice Complex in April or May 2017, and did not receive copies of the Magistrate Judge's May 8 order, the Magistrate Judge's Report

3

and Recommendation, or the Court's order dismissing the complaint. These documents were returned as undeliverable.[9]

But this lack of notice was caused by Parfait's own negligence. Parfait failed to inform the Court of his new address. This was a violation of Local Rule 11.1, which states: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."

Relief under Rule 60(b)(1) may be appropriate when the plaintiff's negligence in failing to prosecute his case was excusable. In *Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992), for example, the Fifth Circuit noted that a party's failure to prosecute was an understandable mistake in light of a "confusing procedural posture," and held that the district court abused its discretion in not reopening the case. *Id.* at 233. But relief from judgment for excusable neglect is far from automatic. "The party must make some showing justifying the failure to avoid the mistake or inadvertence." Wright & Miller, 11 *Federal Practice and Procedure* § 2858 (3d ed. 2018); *see also Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) ("Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that

---

[9] *See* R. Docs. 14, 16, 17, 18.

the movant make a sufficient showing of unusual or unique circumstances justifying such relief.").

Parfait fails to explain why he did not inform the Court of his new address. Moreover, Parfait fails to explain why he waited over eight months since judgment was entered—and almost a year since he was transferred—before taking an affirmative step in this litigation. *Cf. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978) (holding that the district court abused its discretion in denying Rule 60(b) motion, when motion was filed before deadline to appeal district court's dismissal for failure to prosecute). Although courts are solicitous of *pro se* litigants, Parfait does not offer any explanation whatsoever for his negligence. Thus, the Court finds that relief under Rule 60(b)(1) is not appropriate.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for relief from judgment is DENIED.

New Orleans, Louisiana, this 5th day of June, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE