UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRISON A. PARFAIT, JR. | CIVIL ACTION |
| VERSUS | NO. 17-738 |
| NURSE DOMINQUE ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiff Harrison A. Parfait, Jr.'s motion to appoint counsel.[1] The Court denies the motion because Parfait does not have a right to appointed counsel in this case.

## I. BACKGROUND

On October 3, 2016, Parfait filed a complaint in the Western District of Louisiana against defendants "Ms. Dominque" and "Ms. Renea," nurses at Terrebonne Parish Criminal Complex in Houma, Louisiana, under 42 U.S.C. § 1983.[2] He alleges that defendants provided inadequate medical care when they refused to grant plaintiff access to a CPAP machine to treat his sleep apnea.[3] On January 1, 2017, the case was transferred to the Eastern District

---

[1] R. Doc. 34.
[2] R. Doc. 1.
[3] *Id.*

of Louisiana and assigned to this Court.[4] On August 8, 2017, the Court adopted the Magistrate's Report and Recommendations and dismissed Parfait's complaint without prejudice for failure to prosecute.[5] On August 22, 2018, Parfait gave notice of appeal of the Court's dismissal.[6] He now seeks appointed counsel for his appeal.[7]

## II. DISCUSSION

There is no general right to counsel in civil rights actions. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012) (citing *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987)). A district court should not appoint counsel simply because appointment of counsel would be beneficial. *See Saulsberry v. Edwards*, No. 07–5395, 2007 WL 4365394, at *2 (E.D. La. Dec. 11, 2007) (citing *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)). Instead, a district court should appoint counsel only if exceptional circumstances exist. *See, e.g., McFaul*, 684 F.3d at 86 (citing Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); *Norton*, 122 F.3d at 293).

---

[4] R. Doc. 3.
[5] R. Doc. 17.
[6] R. Doc. 30.
[7] R. Doc. 34.

District courts consider four factors when deciding whether exceptional circumstances exist in a particular case: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether plaintiff is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer*, 691 F.2d at 213. None of the *Ulmer* factors weighs in favor of appointing counsel in this case. Parfait's claim is not legally complex; his advocacy thus far demonstrates that he is capable of adequately presenting and investigating the case; and nothing in the record indicates that skill in presentation or cross-examination is required to litigate his claims. Accordingly, the Court denies his motion to appoint counsel.

## IV. CONCLUSION

For the foregoing reasons, petitioner's motion to appoint counsel is DENIED.

New Orleans, Louisiana, this __19th__ day of December, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE